Mickelberry & Mobley, plaintiffs in error, vs. John Shannon, administrator, defendant in error.

A. and B. give their note payable to C., for the hire of a negro for a particular year. The negro having been previously hired to another person, the note is returned to B., who, for a consideration, re-issues it to D.

*Held*, that the original note having become *functus* upon its re-delivery to one of the makers, on account of the failure of consideration, could not be re-issued by B., especially to one who had a knowledge of all the facts.

Certiorari, from Monroe county.    Decision by Judge CABI-NESS, at August Term, 1857.

John Shannon, administrator of Robert Mays, deceased, was sued in a Justice's Court, by Mickelberry & Mobley, on five several promissory notes, four for $30 each, and one for $5 00.

It was agreed by the parties, that the trial and decision in one of the cases should control and determine all.

The following is a copy of the notes:

" $30.    By the 25th December next, we or either of us promise to pay William McCune, guardian of Nealy McCune, or bearer, the sum of thirty dollars, for the hire of a negro man Clem.    This 4th of January, 1853.

[Signed]          ROBERT BLAKELY.
                       ROBERT MAYS, *Security.*"

Shannon pleaded in the Justice's Court, failure of consid-eration, and proved by William McCune, the payee of the notes, that he authorized James M. Clower to hire a negro boy, Clem, to Robert Blakely, for $125, and required him to take small notes and good security; he never saw the notes, there-fore don't know who the security was; knows of no other notes for the hire of a negro for the year 1853, by Mr. Blake-ly to him, only those alluded to; "Mr. Blakely did not get the negro, because, before Mr. Clower informed me he had hired the negro boy, I had hired him to another man in this county.    He did inform me after I had hired him out in this county, (Butts) that he had hired him to Mr. Blakely."

Plaintiffs proved by Clower, that he traded the notes to them after they were due; that he held the notes before they were due; that he got them from Robert Mays, the last of Februa-ry, 1853, and paid him the money for them.

The Justice, before whom the case was tried, permitted the jury to take out with them, *Story on Promissory Notes*, with their attention directed to those sections relied on and read by plaintiffs.    The jury found for the plaintiffs, and defendant

applied for a *certiorari* to correct the errors of the proceedings and verdict.

Upon the trial in the Superior Court, counsel for Mickelberry & Mobley moved to dismiss the *certiorari*, on the ground that twenty days notice of the application for *certiorari* had not been given; that the notice was served only on the day the writ was issued. The Court refused the motion, and counsel excepted.

After argument upon the merits, the Judge sustained the *certiorari*, and ordered judgment to be entered of record, in favor of Shannon, the defendant, in the Justice's Court, and that plaintiffs pay the cost; holding, that no question of fact was involved which rendered it necessary to remand the case for a re-hearing in the Justice's Court.

To which decision counsel for Mickelberry & Mobley excepted.

J. M. VARNER, for plaintiffs in error.

PEEPLES & CABINESS, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

Could Mays, under the facts of this case, re-issue the note sued on?

*Beck vs. Robley*, cited in 1 *Henry Blackstone*, 89, *note, (Chitty Jr.* 399, 450 *note,)* was a case of this sort: Brown drew a bill upon Robley, which Robley accepted, payable to Hodgson or order. Robley did not pay it when it was presented, upon which, Brown took it up; Brown afterwards endorsed it to Beck, and Beck brought an action upon it against Robley. But the jury thought that when Brown took up the bill, its negotiability ceased, and found for the defendant. And on a *rule nisi* for a new trial, the Court thought the jury right. And Lord Mansfield said, "when a draft is given payable to A. or order, the purpose is, that it shall be

payable to A. or order: and when it comes back unpaid, and is taken up by the drawer, it ceases to be a bill.   If it were negotiable, Hodgson would be liable, for which there is no color."

In the note before us, the consideration is expressed to be for the hire of a negro, which was never delivered; and on that account the note was returned to Mays.   And Clower swears, that he afterwards paid Mays for the note.   This is entirely another and new contract.

                                        Judgment affirmed.